UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COMMON CAUSE INDIANA, ANDERSON-MADISON COUNTY NAACP BRANCH 3058, LEAGUE OF WOMEN VOTERS OF INDIANA, CASSANDRA RIGGS, and JEFFREY J. COTTRELL,<br><br>  Plaintiffs,<br><br>  v.<br><br>CITY OF ANDERSON COMMON COUNCIL, and the MADISON COUNTY BOARD OF ELECTIONS,<br><br>  Defendants. | ) ) ) ) ) ) ) ) ) ) CAUSE NO. 1:23-cv-1022 ) ) ) ) ) ) ) ) |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**Introduction**

1. After the 2020 federal census was completed, the City of Anderson Common Council ("the Council") had a statutory and constitutional duty to establish new districts for the election of the six members of the Council from separate, single-member districts. The Council failed to do so, and its districts remain significantly malapportioned as shown by the 2020 federal census. With the December 31, 2022, deadline for the Council to redistrict having passed, Indiana law, Ind. Code § 3-5-10-7(a)(6), prohibits the Council from redistricting absent a court order finding the

current plan unconstitutional or unlawful. The significant malapportionment of the six current single-member districts violates Plaintiffs' rights under the equal protection clause of the Fourteenth Amendment to the United States Constitution. Plaintiffs include Common Cause Indiana, Anderson-Madison County NAACP Branch, and League of Women Voters of Indiana—organizations that have voters who live and vote in all the Council districts—and an individual voter who resides in District 3, the most overpopulated district. Plaintiffs bring this action for appropriate injunctive and declaratory relief to protect their statutory and constitutional rights and those of the residents and voters of Anderson and ensure that the Council fulfills its duty under law to redistrict fairly and in compliance with the Voting Rights Act of 1965.

## Jurisdiction, Venue, & Cause of Action

2. This Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Declaratory relief is authorized pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C §§ 2201, 2202.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

5. This action is brought to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.

6. This Court has jurisdiction of the supplemental state claim pursuant to 28 U.S.C. § 1367 in that the claims brought pursuant to Indiana law and the United States Constitution are so related that they form part of the same case or controversy under Article III of the United States Constitution.

**Parties**

7. Plaintiff Common Cause Indiana is the Indiana affiliate of a national non-partisan organization, Common Cause. Common Cause Indiana advocates for, among other things, the fairness of elections and the elimination of barriers to voting, including vote dilution. It has over 11,000 members in Indiana, including more than 70 who reside in the City of Anderson, some of whom reside and vote in Council District 3.

8. Plaintiff Anderson-Madison County NAACP Branch is a non-partisan association headquartered in the City of Anderson and advocates for, among other things, the elimination of racist policies and barriers to voting, including vote dilution. It has members who reside and vote in the City of Anderson and Council District 3.

9. Plaintiff League of Women Voters of Indiana ("LWVIN") is a nonpartisan, nonprofit corporation organized under the laws of the State of Indiana. LWVIN works with and through local Leagues around the state—including the League of Women Voters of Anderson & Madison County—and is part of the

League of Women Voters of the United States which has 700 state and local Leagues in all 50 states and the District of Columbia. LWVIN works to expand informed, active participation in state and local government, giving voice to all Hoosiers. LWVIN is a grassroots organization and works to increase understanding of major public policy issues and policy through education and advocacy. LWVIN is an organization fully committed to diversity, equity, and inclusion in principle and practice to engage people, communities, and policymakers with a focus on supporting fair elections and the elimination of barriers to voting. Among its more than 1700 members are 38 who reside and vote in the City of Anderson, some in Council District 3.

10. Plaintiffs Cassandra Riggs and Jeffrey Cottrell are adult residents and registered voters who live in the City of Anderson, Indiana, in Council District 3.

11. The Council is a nine-member elected body that constitutes the legislative branch of the City of Anderson, a second-class city. Six of those nine members are elected in districts, and three are elected at large.

12. The Madison County Board of Elections is the entity created by state law responsible for administering elections in Madison County and the City of Anderson.

**Legal Background**

13. Indiana law, Ind. Code § 36-4-6-3(b), provides that the six single-member districts must:

(1) be reasonably compact;

(2) not cross precinct boundary lines except as necessary to make the districts contain equal population; and

(3) contain, as nearly as possible, equal population.

14. Indiana law, I.C. § 36-4-6-3(g)(1), states that redistricting shall occur "during the second year after a year in which a federal decennial census is conducted," and not later than December 31, 2022. I.C. § 3-5-10-7(a)(1).

**Factual Allegations**

15. Council members are elected for terms of four years.

16. On information and belief, the 2020 census provided that the populations of the six single-member Council districts, after post-census annexations are taken into account, are as follows:

District 1:  9,627

District 2:  9,151

District 3: 11,644

District 4:  7,490

District 5:  8,494

   District 6:  8,364

 17. The "'total deviation' is determined by adding the deviation [from the average population of the six districts] of the district with the largest population to the deviation of the district with the smallest population." *Vigo County Republican Cent. Comm. v. Vigo County Commissioners*, 834 F. Supp. 1080, 1083 n.5 (S.D. Ind. 1993).  The total deviation of the current Council districts is 46%.

 18. This total deviation is more than a "minor deviation from mathematical equality" which demonstrates a prima facie case of discrimination that must be justified by the Council, and it renders the current districts presumptively unconstitutional. *Brown v. Thompson*, 462 U.S. 835, 842-43 (1983); *Conner v. Finch*, 431 U.S. 407, 418 (1977) (permitting total deviations of up to 10%).

 19. The ideal population for each single-member district is 9,130 persons, a number derived by dividing Anderson's total population (54,777) by 6.

 20. Despite knowledge that its single-member districts were severely malapportioned, the Council on December 11, 2022, voted 6-3 not to engage in redistricting following the 2020 Census.

 21. The primary election was held on May 2, 2023, using the malapportioned districts, and the general election is scheduled to be held on November 7, 2023.

22. Plaintiffs Riggs and Cottrell, as well as members of Plaintiffs Common Cause, NAACP, and LWVIN, who are registered voters residing in Council District 3, desire to have a vote that is substantially equal to the votes of other voters in the City of Anderson.

23. In elections for the Council, Plaintiffs Riggs and Cottrell and other voters in substantially overpopulated District 3—which include members from Plaintiffs Common Cause, NAACP, and LWVIN—have less voting strength than voters in Districts 4, 5 and 6, which are underpopulated.

24. The individual Plaintiffs' vote, as well as that of similarly situated Anderson voters who reside in Council District 3 and are members of Common Cause Indiana, the NAACP, or the LWVIN, has been diluted.

25. Plaintiffs Riggs and Cottrell are being caused irreparable harm for which there is no adequate remedy at law.

26. Plaintiffs Common Cause, NAACP, and LWVIN have members who reside in Council District 3 and will be irreparably harmed for which there is no adequate remedy at law.

27. At all times the Council has acted or failed to act under color of state law.

28. As the entity charged by Indiana law with conducting elections in Madison County, the Madison County Board of Election's involvement is

necessary to implement any remedy ordered by this Court, and for this reason the Board is named as a defendant pursuant to FRCP 19(a)(1)(A) without which the Court cannot accord Plaintiffs complete relief.

## Legal Claims

29. The lack of substantial equality of population among the districts from which members of the Council are elected deprives Plaintiff Cottrell, Plaintiffs Common Cause, NAACP, and LWVIN members, and other residents in District 3, of a vote that is approximately equal in weight to that of other voters, in violation of the equal protection clause of the Fourteenth Amendment to the United States Constitution.

30. The failure of the Council to redistrict following the 2020 census also violates Indiana Code §§ 36-4-6-3(g)(1) and 3-5-10-7(a).

31. Plaintiffs have no adequate remedy at law and will suffer irreparable harm unless a preliminary injunction is issued prohibiting the Board from holding an election in the currently malapportioned districts that dilute their vote.

32. Plaintiffs are likely to prevail on the merits of their constitutional claim.

33. The public interest will be served by holding a special election in 2024, as well as any future elections for the City of Anderson Common Council, in

districts that are of substantially equal population as shown by the 2020 federal census, as required by the equal protection clause of the Fourteenth Amendment.

## Request for Relief

WHEREFORE, Plaintiffs request that this Court:

a. Accept jurisdiction of this case and expeditiously set it for hearing.

b. Declare that defendant Council has violated both the United States Constitution and Indiana law and order into effect a remedial plan that complies with the equal population principles of the Fourteenth Amendment as well as Section 2 of the Voting Rights Act of 1965 prohibiting racial discrimination in voting.

c. After hearing the parties' respective evidence and testimony, enter a preliminary injunction, later to be made permanent, enjoining the Board of Elections from holding of any further elections in the Council's malapportioned districts beginning in 2024 and beyond.

d. Shorten the terms of the Council members in single-member districts and order special primary and general elections for the Council to be held coterminous with the primary and general elections scheduled in May and November, 2024.

e. Alter any pre-election deadlines or residency requirements, if necessary, in order to conduct special and primary elections in 2024 for the Council's six single-member districts under a districting plan approved by the Court that

complies with the equal population principles of the Fourteenth Amendment and Section 2 of the Voting Rights Act of 1965.

    f. Award Plaintiffs their costs and reasonable attorney's fees pursuant to 42 U.S.C. § 1988, and any other or further relief the Court deems appropriate to remedy the Council's constitutional equal protection violations.

    Respectfully submitted,

    William R. Groth, Of Counsel
    Daniel Bowman

    BOWMAN & VLINK, LLC
    3719 S. East Street, Suite A
    Indianapolis IN 46227
    Phone: (317) 353-9363
    Email: wgroth@fdgtlaborlaw.com

    *Attorneys for Plaintiffs*