UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COMMON CAUSE INDIANA, <br> ANDERSON-MADISON COUNTY NAACP <br> BRANCH 3058, <br> LEAGUE OF WOMEN VOTERS OF <br> INDIANA, <br> CASSANDRA RIGGS, <br> JEFFREY J. COTTRELL, <br><br>          Plaintiffs, <br><br>     v. <br><br> CITY OF ANDERSON COMMON <br> COUNCIL, <br> MADISON COUNTY BOARD OF <br> ELECTIONS, <br><br>          Defendants. | No. 1:23-cv-01022-JRS-TAB |

**Order on Motion to Dismiss**

I.   **Introduction**

This is an electoral redistricting case. Anderson, Indiana has a nine-member city council, with six members elected from single-member districts. The 2020 census revealed population changes in the city, but the districts were not redrawn. Plaintiffs allege the districts are now malapportioned in violation of their constitutional and statutory rights. Defendants here are the city council and the county board responsible for council elections—collectively, the "City." Now before the Court is the City's Motion to Dismiss. (ECF No. 23.)

## II. Legal Standard

"A Rule 12(b)(6) motion tests 'the legal sufficiency of a complaint,' as measured against the standards of Rule 8(a)." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020) (quoting *Runnion v. Girl Scouts of Greater Chi. and Nw. Ind.*, 786 F.3d 510, 526 (7th Cir. 2015)). Rule 8(a) requires that the complaint contain a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). "To meet this standard, a plaintiff is not required to include 'detailed factual allegations,'" but the factual allegations must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A claim is facially plausible if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Because the defendant must ultimately be *liable*, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). That applies "without regard to whether [the claim] is based on an outlandish legal theory or on a close but ultimately unavailing one." *Id.* at 327.

## III. Discussion

### A. Laches

The City argues Plaintiffs' Complaint is barred by laches. Laches, though, is both an affirmative defense—thus unsuited for resolution on a Rule 12(b)(6) motion—and an equitable doctrine—thus dependent on sensitive factual context. *Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016) (explaining why, under federal

2

pleading standards, equitable affirmative defenses like acquiescence and laches are "not ordinarily susceptible to resolution at the pleading stage"). The City's argument is premature. The Court, with no factual record beyond the allegations in the Complaint, cannot hold that a six-month delay in filing necessarily bars all relief.

### B. Indispensable Parties

Rule 19(a)(1) establishes who is a "required party" to a federal lawsuit. Fed. R. Civ. P. 19(a)(1). The City argues that candidates for seats on the city council are required parties, without whom this suit cannot proceed. The Court can find no electoral redistricting case in which candidates for office have been deemed required or indispensable parties. The City cites to none, and the City bears the burden to show that the absent parties are required. Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, 7 Fed. Prac. & Proc. Civ. § 1609 (3d ed.).

In any case, the candidates for office are not required parties here. The Court can "accord complete relief among existing parties" even in their absence, Fed. R. Civ. P. 19(a)(1)(A), for example by ordering redistricting or upholding the current districts. Even if the candidates are affected, Rule 19(a)(1)(A) looks for complete relief among existing parties; the Court need not resolve "other collateral issue[s]" and downstream effects. *Davis Companies v. Emerald Casino, Inc.*, 268 F.3d 477, 484 (7th Cir. 2001). And the candidates have not "claim[ed] an interest" in this case. Fed. R. Civ. P. 19(a)(1)(B); *Davis Cos.*, 268 F.3d at 483 ("[I]t is the absent party that typically must claim such an interest.").

### C. Failure to State a Claim

The City argues Plaintiffs seek relief under the Voting Rights Act without alleging race discrimination; the City also seems to argue the Court has no power to order special elections if Plaintiffs prevail. Neither argument is relevant to the Rule 12(b)(6) analysis. Under federal notice pleading, a complaint need only set out some plausible allegations that, if true, allow for legal relief; the Complaint need not correctly identify a legal theory. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514, (2002) (explaining low bar of initial pleading under federal rules); *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1077–78 (7th Cir. 1992) (discussing federal notice pleading and contrasting it with former pleading regimes); *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) (noting the Seventh Circuit has "stated repeatedly (and frequently) that a complaint need not plead legal theories" and collecting cases). Here, Plaintiffs have, at minimum, plausibly alleged a malapportionment claim under the Fourteenth Amendment's Equal Protection Clause. *See, e.g., Harris v. Arizona Indep. Redistricting Comm'n*, 578 U.S. 253, 258 (2016) (example of such a claim). So the Complaint suffices, even if it fails to plead a Voting Rights Act theory, and even if one of the remedies sought were improper.[1]

## IV. Conclusion

The City's laches argument is premature; the City has failed to show that the candidates for city council are indispensable to this action; and the alleged defects in

---

[1] If "federal courts have the power to invalidate elections held under constitutionally infirm conditions," *Gjersten v. Bd. of Election Comm'rs for City of Chicago*, 791 F.2d 472, 478 (7th Cir. 1986), it seems the Court could in fact "shorten[] the term of office for an elected official," (*contra* Defs.' Br. Supp. Mot. Dismiss 13, ECF No. 24).

certain of Plaintiffs' legal theories do not affect the sufficiency of the Complaint. The City's Motion to Dismiss, (ECF No. 23), is **denied.**

    **SO ORDERED.**

Date: 10/04/2023

                                            JAMES R. SWEENEY II, JUDGE
                                            United States District Court
                                            Southern District of Indiana

Distribution:

Daniel P Bowman
Bowman & Vlink, LLC
dbowman@fdgtlaborlaw.com

Michael E. Farrer
GRAHAM, REGNIER, FARRER, & WILSON P.C.
mfarrer@grfwlaw.com

Jeffrey K. Graham
Graham, Farrer & Wilson, P.C.
jgraham@gfwlawyers.com

William R. Groth
Bowman & Vlink, LLC
wgroth@fdgtlaborlaw.com

Rosemary Khoury
rosemaryfaridkhoury@yahoo.com

Steven M Laduzinsky
Laduzinsky & Associates, P.C.
lgreen@laduzinsky.com

Devlin J. Schoop
Henderson Parks, LLC
dschoop@henderson-parks.com