UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COMMON CAUSE INDIANA, ) | |
| ANDERSON-MADISON COUNTY NAACP ) | |
| BRANCH 3058, ) | |
| LEAGUE OF WOMEN VOTERS OF INDIANA, ) | |
| CASSANDRA RIGGS, ) | |
| JEFFREY J. COTTRELL, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:23-cv-01022-JRS-TAB |
| ) | |
| CITY OF ANDERSON COMMON COUNCIL, ) | |
| MADISON COUNTY BOARD OF ELECTIONS, ) | |
| ) | |
| Defendants. ) | |

## ORDER ON DEFENDANT CITY OF ANDERSON COMMON COUNCIL'S MOTION TO STAY

This cause is before the Court on a motion filed by Defendant City of Anderson Common Council ("Anderson Council") pursuant to Fed. R. Civ. P. 56(d) seeking to stay briefing on Plaintiffs' motion for partial summary judgment. [Filing No. 53.] But the motion seeks much more than this. Anderson Council seeks a Court order compelling Plaintiffs to produce two witnesses for deposition and—asserting these witnesses have offered expert testimony—also seeks a Court order requiring Plaintiffs to provide Rule 26(a)(2) expert disclosures and to produce evidentiary materials on which these purported experts relied in reaching their opinions. Plaintiffs' response [Filing No. 56] argues Anderson Council's motion should be denied in all respects for a number of procedural and substantive reasons, including that the witnesses at issue are lay witnesses, not experts.

The parties' briefs trade barbs and accusations that distract from the issues more than they help. The Court need not wade fully into this morass. It is sufficient to note that Anderson

Council has made a sufficient showing under Rule 56(d) to justify a brief delay (from February 19 to March 22, 2024) in responding to Plaintiffs' motion for partial summary judgment in order to secure the deposition testimony of two witnesses.  Those witnesses are Kelsey Kaufman and Sarah Andre.  Plaintiffs' (now withdrawn) motion for preliminary injunction relies on a declaration from Kaufman, a self-described "technical advisor" on redistricting litigation. [Filing No. 28-1, at ECF p. 2.]  Plaintiffs' motion for partial summary judgment relies on a declaration of Sarah Andre, a Redistricting Demography & Mapping Specialist for Common Cause.  [Filing No. 46-1, at ECF p. 1.]

However, as Plaintiffs' response brief makes clear, Plaintiffs have not offered the testimony of Kaufman or Andre as expert witnesses, but rather as lay witnesses.  [Filing No. 56, at ECF p. 2-3.]  While Anderson Council takes issue with this assertion, Plaintiffs are entitled to clarify that they are not offering expert testimony.  The flip side of such an assertion, of course, is that if the Court later deems evidence proffered by Kaufman or Andre to cross the line into expert testimony, that evidence may be stricken.  How that plays out remains to be seen.  For now, the Court denies Anderson Council's motion to the extent it asks the Court to order Plaintiffs to provide Rule 26(a)(2) expert disclosures and to produce evidentiary materials.

Finally, the Court turns to Anderson Council's request for an order compelling Plaintiffs to produce Kaufman and Andre for deposition.  Anderson Council acknowledges that Kaufman is not a party in this litigation.  [Filing No. 57, at ECF p. 4.]  (Anderson Council snidely refers to her as "the puppeteer pulling this strings of this litigation."  [Filing No. 57, at ECF p. 4.]). Regardless, Plaintiffs' response brief indicates a willingness and an ability to produce Kaufman and Andre for their depositions.  [Filing No. 56, at ECF p. 5.]  Counsel shall promptly confer to select an acceptable date for these depositions, and if no agreement can be reached (which would

2

be highly concerning to the Court) Anderson Council can subpoena these witnesses. Any such depositions shall be completed by March 5, 2024.

Accordingly, as set forth above, Anderson Council's motion to stay [Filing No. 53] is granted in part and denied in part. Defendants' deadline to respond to Plaintiffs' motion for partial summary judgment is enlarged from February 19, 2024, to March 22, 2024. Counsel shall complete the depositions of Kaufman and Andre by March 5, 2024. Plaintiffs need not produce Rule 26(a)(2) expert reports or other evidentiary materials with regard to these witnesses.

Date: 2/8/2024

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email